**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS COURTHOUSE**

| | |
|---|---|
| Deena Indiviglio, individually and on behalf of all others similarly situated, | 7:22-cv-09545 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| B&G Foods, Inc., | |
| Defendant | Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. B&G Foods, Inc. ("Defendant") manufactures, markets, and sells fruit spreads described as "All Fruit" spreadable fruit under the Polaner brand ("Product").



2.  The front label contains pictures and statements of the subject fruit, i.e., cherries, in the color of that fruit, and that it is "Sweetened <u>Only</u> With Fruit Juice."

3.  In common language usage, "fruit" means the seed-associated fleshy structures or produce of plants that are sweet or sour and edible in the raw state, such as apples, bananas, cherries, grapes, lemons, oranges, pineapples and strawberries.

4.  Fruits can be processed to make other products like spreads, jams and preserves.

5.  Two general purpose dictionaries define "all" as: (1) the whole, entire, total amount, quantity, or extent of and (2) nothing but or only.

6.  Though "All Fruit" tells consumers the Product will consist only of fruit ingredients, the ingredient list reveals it does not consist only of fruit because it contains "Citric Acid, [and] Natural Flavor."

**INGREDIENTS:** JUICE CONCENTRATES (PEAR, GRAPE, PINEAPPLE), CHERRIES, FRUIT PECTIN, CITRIC ACID, NATURAL FLAVOR.

7.  While juice concentrates, cherries, and fruit pectin can reasonably be described as fruit, citric acid and natural flavor cannot be.

8.  Citric acid is an organic acid in a variety of fruits, especially citrus.

9.  When used as an ingredient in other foods, citric acid is not derived from fruits but industrially produced by fermentation from the fungus Aspergillus niger.

10. This strand is exclusively used by industry due to its high productivity at low pH,

without toxic byproducts.

11. Natural flavor is defined as the essential oil, oleoresin, essence or extractive which contains flavoring constituents derived from spices, fruits or vegetables, edible yeast, or plant material, whose significant function in food is flavoring rather than nutritional. 21 C.F.R. § 101.22(a)(3).

12. Expecting the Product to contain all fruit ingredients is technologically and economically feasible because such products are sold by competitors.

13. The statement, "Sweetened Only With Fruit Juice," furthers the expectation of "All Fruit" because consumers will think, "if they can use fruit for sweetening, surely they will have other ways to use fruit ingredients so that 'All Fruit' is true."

14. Consumers value fruit ingredients because these are generally less processed, more natural, and healthier than non-fruit ingredients, like citric acid and natural flavor.

15. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

16. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $3.99 for 10 oz, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

17. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

18. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

19. Plaintiff is a citizen of New York.

20. Defendant is a Delaware corporation with a principal place of business in New Jersey.

21. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

22. The members of the class Plaintiff seeks to represent are more than 100, because the Product is sold with the representations described here in thousands of stores and online, in the States Plaintiff seeks to represent.

23. Venue is in this District with assignment to the White Plains Courthouse because a substantial part of the events or omissions giving rise to these claims occurred in Westchester County, including Plaintiff's purchase, reliance on the identified statements, and subsequent awareness these were false and misleading.

## Parties

24. Plaintiff Deena Indiviglio is a citizen of New Rochelle, Westchester County, New York.

25. Defendant B&G Foods, Inc. is a Delaware corporation with a principal place of business in Parsippany, Morris County, New Jersey.

26. Defendant owns and operates more than 50 food brands, covering spices, vegetables, breakfast foods, maple syrup, cooking oils, salsa and fruit spreads.

27. The Polaner brand consists of spreads, preserves, jams, marmalades and jellies.

28. The All Fruit fruit spreads are available in blackberry, strawberry, raspberry, and cherry, among other fruits, with substantially similar representations.

29. The Product is available to consumers in this District from third-parties including

grocery stores, convenience stores, big box stores, drug stores, warehouse club stores and online.

30. Plaintiff purchased the Product at stores including Shoprite, 8 Palmer Ave, New Rochelle, NY 10801 in 2021 and/or 2022, among other times.

31. Plaintiff read and relied on the words "All Fruit" to expect that the Product contained only fruit ingredients.

32. Plaintiff bought the Product at or exceeding the above-referenced price.

33. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading, or would not have purchased it.

34. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

35. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, features, and/or components.

## Class Allegations

36. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Texas, North Dakota, Wyoming, Idaho, Alaska, Iowa, Virginia, Mississippi, Arkansas, North Carolina, and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

37. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

38. Plaintiff's claims and basis for relief are typical to other members because all were

subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

39. Plaintiff is an adequate representative because her interests do not conflict with other members.

40. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

41. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

42. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

New York General Business Law ("GBL") §§ 349 and 350

43. Plaintiff incorporates by reference all preceding paragraphs.

44. Plaintiff saw and relied on the label which stated the Product was "All Fruit" and believed the only ingredients were fruit.

45. Defendant's false, misleading, and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions, because consumers prefer fruit to non-fruit ingredients, especially when the food is a type of fruit spread.

46. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

47. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

48. The members of the Consumer Fraud Multi-State Class reserve their rights to assert

their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

49. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

50. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that the only ingredients were fruit.

51. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

52. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires, such as the many Americans who value fruit ingredients over additives and flavorings, because the former are more natural, healthier, and less processed.

53. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that the only ingredients were fruit.

54. Defendant's representations affirmed and promised that the only ingredients were fruit.

55. Defendant described the Product so Plaintiff believed that the only ingredients were fruit, which became part of the basis of the bargain that it would conform to its affirmations and promises.

56. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

57. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted brand for over 100 years in the area of fruit spreads.

58. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

59. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

60. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

61. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

62. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if the only ingredients were fruit.

63. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected that the only ingredients were fruit, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Unjust Enrichment

64. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   November 8, 2022

    Respectfully submitted,

    /s/ Spencer Sheehan
    Sheehan & Associates, P.C.
    60 Cuttermill Rd Ste 412
    Great Neck NY 11021
    (516) 268-7080
    spencer@spencersheehan.com