# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

DEENA INDIVIGLIO, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

B&G Foods, Inc.,

        Defendant.

Case No: 7:22-cv-09545 (VB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(B)(1) AND 12(B)(6)

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ...................................................................................................... 1

    A.    The Parties ................................................................................................ 1

    B.    Plaintiff's Allegations ............................................................................. 2

ARGUMENT ........................................................................................................... 3

I.     PLAINTIFF LACKS STANDING AND HAS FAILED TO STATE A CLAIM .......................................................................................................... 4

II.    PLAINTIFF'S ANCILLARY CLAIMS SEPARATELY FAIL FOR ADDITIONAL REASONS ...................................................................................... 7

    A.    Plaintiff's Warranty Claims Fail on Many Grounds ............................. 7

          1.    Plaintiff Has Not Alleged Timely Notice of Warranty ............................. 7

          2.    Plaintiff Has Not Alleged Any Statement on the Label That Creates an Express Warranty ....................................................................... 8

          3.    Plaintiff Does Not Plausibly Allege That the Product is Not Merchantable ........................................................................................ 9

          4.    MMWA Does Not Apply Because Plaintiff Has Not Plausibly Alleged Any "Written Affirmations" or "Promises" ................................................ 9

    B.    Plaintiff's Unjust Enrichment Claim Should be Dismissed as Duplicative ..........10

III.    LEAVE TO AMEND SHOULD BE DENIED ............................................................11

CONCLUSION ..............................................................................................................11

# **TABLE OF AUTHORITIES**

CASES                                                                                                          PAGE(S)

*Ackerman v. Coca-Cola Co.*,
   2010 WL 2925955 (E.D.N.Y. July 21, 2010)..........................................................................9

*Arthur Jaffee Assocs. v. Bilsco Auto Serv. Inc.*,
   58 N.Y. 2d 993 (1983)...............................................................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................................3, 4

*Baker v. Robert I. Lappin Charitable Found.*,
   415 F. Supp. 2d 473 (S.D.N.Y. 2006)......................................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 .............................................................................................................................3

*Boshnack v. Widow Jane Distilleries LLC*,
   2020 WL 3000358 (S.D.N.Y. June 4, 2020) ...........................................................................4

*Castillo v. Tyson*,
   268 A.D. 2d 336 (N.Y. App. Div. 1st Dept. 2000) .................................................................8

*Corsello v. Verizon New York, Inc.*,
   18 N.Y.3d 777 (2012)............................................................................................................10

*Daniel v. Mondelez Int'l, Inc.*,
   287 F. Supp. 3d 177 (E.D.N.Y. 2018)..............................................................................1, 4, 6

*Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*,
   148 F. Supp. 3d 285 (S.D.N.Y. 2015) ...................................................................................11

*Hu v. Herr Foods, Inc.*,
   251 F. Supp. 3d 813 (2017) .................................................................................................5, 6

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
   No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .................10

*In re Scotts EZ Seed Litig.*,
   No. 12 CV 4727(VB), 2013 WL 2303727 (S.D.N.Y. May 22, 2013)......................................8

*In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*,
   167 F. Supp. 3d 524 (S.D.N.Y. 2016)...................................................................................11

*Johnson v. Priceline.com, Inc.*,
   711 F.3d 271 (2d Cir. 2013) ....................................................................................................3

*Keiler v. Harlequin Enters.*,
    751 F.3d 64 (2d Cir. 2014) ................................................................................3

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ..............................................................10

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ..............................................................................3

*Morrison v. Barcel USA, LLC*,
    No. 18 CV 531 (VB), 2019 WL 95477 (S.D.N.Y. Jan. 2, 2019)...................3, 4, 6

*Paulino v. Conopco, Inc.*,
    No. 14-CV-5145 (JG) (RML), 2015 WL 4895234 (E.D.N.Y. Aug. 17, 2015) ......10

*Schiro v. Cemex, S.A.B. de C.V.*,
    438 F. Supp. 3d 194 (S.D.N.Y. 2020) ................................................................3

*Scientific Components Corp. v. Sirenza Microdevices, Inc.*,
    399 F. App'x 637 (2d Cir. 2010) ......................................................................9

*Singleton v. Fifth Generation, Inc.*,
    2016 WL 406295 ..........................................................................................7, 8

*Sitt v. Nature's Bounty, Inc.*,
    No. 15-CV-4199 (MKB), 2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ............10

*Tarzian v. Kraft Heinz Foods Co.*,
    2019 WL 5064732 (N.D. Ill. Oct. 9, 2019) ..................................................1, 5, 6

*Teixera v. St. Judge S.C., Inc.*,
    193 F. Supp. 3d 218 (W.D.N.Y. 2016) ..............................................................8

*Tomasino v. Estee Lauder Cos. Inc.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014)..................................................................8

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ......................................................................................6

*Zachmann v. Coleman Co. Inc.*,
    No. 20 CV 9146 (VB), 2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) ...................4

## STATUTES

15 U.S.C. § 2301(6)(A) ..............................................................................................9

N.Y. U.C.C. Law § 2-313(a) ......................................................................................8

N.Y. U.C.C. Law § 2–607(3)(a) ................................................................................7

N.Y. U.C.C. § 2-314(2)(c) ............................................................................................................... 9

New York GBL § 349 .............................................................................................................. 5, 10

New York GBL § 350 ..................................................................................................................... 5

<u>RULES</u>

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 1, 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3

<u>REGULATIONS</u>

21 C.F.R. § 101.22(a)(3) ........................................................................................................... 2, 6

Defendant B&G Foods, Inc. ("Defendant" or "B&G Foods") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff Deena Indiviglio's ("Plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

B&G Foods's Polaner® brand offers a range of delicious jams and jellies, including Polaner® All Fruit®—spreadable fruit preserves made from fruits and sweetened with fruit and fruit juice.

Plaintiff Deena Indiviglio is a captive serial litigant. She claims that she was injured by the term All Fruit® on the Polaner® label. Her theory is that the product is not made of "all fruit" because it contains "citric acid" and "natural flavors." Plaintiff does not specifically allege, however, that the citric acid and natural flavors in All Fruit® do not come from fruit. Instead, she makes general allegations about where the "industry" often gets citric acid and natural flavors. This fails to carry her burden of alleging that B&G Foods made a false statement. *See Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 189 (E.D.N.Y. 2018) (dismissing GBL claims because "Plaintiff fails to plead a material misrepresentation"); *see also*, *e.g.*, *Tarzian v. Kraft Heinz Foods Co.*, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 9, 2019) ("Plaintiffs' allegations detail the practices commonly used to manufacture citric acid throughout the industry before concluding: 'Thus, Defendant's citric acid is artificial.' That is too great of an inferential leap."). Because Plaintiff has failed to allege any false statement, the complaint should be dismissed.

## BACKGROUND

### A.    The Parties

B&G Foods, including its subsidiaries and predecessor companies, is a 130-year-old American food company that makes a variety of high quality, shelf-stable and frozen packaged

foods. B&G Foods owns the Polaner® brand, which has been offering a range of delicious jams and jellies for over a century. In 1986, Polaner® introduced All Fruit®, spreadable fruit preserves made from the finest fruits and sweetened only with fruit and fruit juice. Since then, All Fruit® has become a staple in American homes.

Plaintiff Deena Indiviglio is a serial litigant who claims to be misled by various products. Public records show Deena Indiviglio as a Plaintiff in at least these other actions: *Indiviglio v. Split Rock Resort, LLC* et al, 3:19-CV-448 (M.D. Pa. Mar. 13, 2019) and *Ackley et al v. Yes To, Inc.*, 1:20-CV-01823 (N.D. Ill. Mar. 16, 2020).

### B.      Plaintiff's Allegations

In this action, Plaintiff alleges that she purchased Polaner® All Fruit® because the name All Fruit® led her to expect that the product contained only fruit. (Compl. ¶ 31.) While she readily admits that the first three ingredients in the product are fruit ("juice concentrates (pear, grape, pineapple), cherries, fruit pectin"), she claims to have been misled because the "citric acid" and "natural flavors" ingredients in the product cannot be "reasonably described as fruit" (*Id.* ¶¶ 7-15).

Plaintiff's allegations consist entirely of non-sequiturs.  Plaintiff first admits that "citric acid is an organic acid in a variety of fruits, especially citrus" (Compl. ¶ 8) but then alleges that "when used as an ingredient in other foods [it] is not derived from fruits but industrially produced by fermentation from the fungus Aspergillus niger." (*Id.* ¶¶ 8-9.) Plaintiff further surmises that citric acid derived from fermentation is "used by industry[.]" (*Id.* ¶ 10.) Fatally, Plaintiff never directly alleges anything about the citric acid in Polaner® All Fruit®. The same is true regarding Plaintiff's claims about natural flavors. She simply recites the definition of natural flavors under 21 C.F.R. § 101.22(a)(3), that natural flavors are "derived from spices, fruits or

vegetables, edible yeast, or plant material," (*Id.* ¶ 11) and concludes that this cannot be "reasonably described as fruit" (*Id.* at ¶ 7.)

Plaintiff asserts claims under GBL §§ 349 and 350 (and other unspecified consumer fraud acts), breach of warranty and Magnuson Moss Warranty Act, and unjust enrichment.

## ARGUMENT

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory authority or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). Under Rule 12(b)(6), a claim must be dismissed unless the complaint alleges "sufficient facts, taken as true, to state a plausible claim for relief." *Schiro v. Cemex, S.A.B. de C.V.*, 438 F. Supp. 3d 194, 197 (S.D.N.Y. 2020) (quoting *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 2007)). The complaint must contain "'allegations sufficient to raise an entitlement to relief above the speculative level.'" *Schiro*, 438 F. Supp. at 197 (quoting *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014). A plaintiff's "legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." *Morrison v. Barcel USA, LLC*, No. 18 CV 531 (VB), 2019 WL 95477, at *1 (S.D.N.Y. Jan. 2, 2019) (Briccetti, V.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim possesses plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *2 (quoting *Ashcroft*, 556 U.S. at 678).

## I.   PLAINTIFF LACKS STANDING AND HAS FAILED TO STATE A CLAIM

Under Article III, Plaintiff must prove injury and causation; in the case of a false

advertising case, this means that she relied on a false statement to her detriment. *Zachmann v.*

*Coleman Co. Inc.*, No. 20 CV 9146 (VB), 2022 WL 161480, at *3 (S.D.N.Y. Jan. 18, 2022)

(Briccetti, V.). Similarly, Plaintiff has asserted claims under various legal theories, but at their

core, each of them requires Plaintiff to show that the advertising at issue was materially false and

that she suffered an injury as a result of it. *Boshnack v. Widow Jane Distilleries LLC*, 2020 WL

3000358, at *2-3 (S.D.N.Y. June 4, 2020) (to state a claim under GBL § 349 plaintiff must allege

advertising was "misleading in a material way" and that plaintiff "consequently suffered

injury"). Where, as here, a plaintiff has not adequately pleaded any material misrepresentation,

and thus cannot show any injury in fact, the complaint should be dismissed.

Plaintiff's Complaint fails to allege any facts supporting her claim that Polaner® All

Fruit® is not made from fruit. Indeed, she admits that the three primary ingredients in the

product are fruit. (Compl. ¶ 7.) And as to the citric acid and natural flavor ingredients, she makes

allegations only about the food industry generally, which is insufficient to overcome a motion to

dismiss. Nothing in her allegations state (as they must) that the All Fruit® label is actually false

or misleading. *See Mondelez*, 287 F. Supp. 3d at 192-93. Her allegations are quintessential

examples of "conclusory statements" and "legal conclusions" insufficient to withstand a motion

to dismiss. *Morrison*, 2019 WL 95477 at *1 (citing *Ashcroft*, 556 U.S. at 678).

***First***, Plaintiff admits that citric acid is naturally occurring in citrus fruits, but

conclusorily asserts that "[w]hen used as an ingredient in other foods [it] is not derived from

fruits but industrially produced by fermentation from the fungus Aspergillus niger." (Compl. ¶¶

8-9.) Plaintiff goes on to speculate that citric acid derived from fermentation is "exclusively used

by industry[.]" (*Id.* ¶ 10.) Plaintiff's entire claim regarding citric acid rests solely on these bare

assertions. This is insufficient.

Courts have found almost identical pleadings deficient. In *Tarzian v. Kraft Heinz Foods*

*Company*, the Northern District of Illinois dismissed a claim that Kraft falsely advertised Capri

Sun beverages as containing no artificial preservatives due to the presence of citric acid. 2019

WL 5064732 (Oct. 9, 2019). The court found that the "Plaintiffs allege that citric acid can be

produced in several ways" but "Plaintiffs do not specifically allege that Kraft uses citric acid

produced through Aspergillus Niger fermentation; rather, they allege that it is more economically

viable to produce citric acid for industrial use through this fermentation process." *Id.* at *1.

Interpreting New York GBL § 350, the court dismissed the claim, holding that because

"Plaintiffs' allegations do not link the allegedly artificial citric acid to the actual citric acid used

by Kraft, Plaintiffs have failed to allege sufficient facts showing that Kraft's 'no artificial

preservatives' statement was false." *Id.* at *4. Likewise, in *Hu v. Herr Foods, Inc.*, the Eastern

District of Pennsylvania, interpreting New York GBL § 349, dismissed a claim that a variety of

snack food products were mislabeled as having no preservatives. 251 F. Supp. 3d 813, 821

(2017). The court found that it was,

> unclear whether Plaintiff ha[d] squarely alleged that citric acid
> does function as a preservative in the Products —as opposed to
> alleging that the Products contain citric acid, and then separately
> alleging that citric acid in general "helps minimize the probability
> and severity of such bacterial outbreaks and thus preserves the
> food against bacterial contamination.". . . The Court disagrees that
> Plaintiff's conclusion is a "reasonable inference" from allegations
> regarding unrelated products.

*Id.* at 822.

Thus, the provenance of citric acid in other unrelated products is irrelevant to Plaintiff's

claims here. Plaintiff must directly allege that the citric acid in Polaner® All Fruit® is not from

fruit. Plaintiff does not. Instead, Plaintiff asks the Court to draw a chain of inferences based on

how others, and the so-called "industry," supposedly derive citric acid. These speculative

assertions say nothing about B&G Foods's process and cannot support Plaintiff's claims as a

matter of law. *See, e.g.*, *Kraft*, 2019 WL 5064732 at *4; *Herr Foods.*, 251 F. Supp. 3d at 821.

Indeed, Courts have specifically found that failure to allege or investigate the source of the

specific citric acid at issue is potentially sanctionable conduct:

> [T]he problem that I have with your complaint is that you
> complain a lot about citric acid generally in the complaint, but…in
> the complaint, you don't really specify whether all citric acid is
> unnatural or some types of citric acid is unnatural, and you don't
> specify what type of citric acid [Defendant] uses . . . [Y]ou know, I
> wonder if you've created a bit of a Rule 11 problem for yourself,
> because it seems to me that what you have done is sort of said *I'm*
> *going to file a lawsuit and then ask questions later*; right?"

Declaration of Kirsten Jackson ¶ 3 & Ex. B (*Osborne v. Kraft Foods Grp., Inc.*, No. 15-CV-

02653-VC (N.D. Cal. Oct. 15, 2015) (Chhabria, V.) (Transcript of Proceedings (Dkt. No. 31))) at

Tr. 5:21-25, 6:1-2, 11:20-23; *see also id.* ¶ 2 & Ex. A (Order Granting Motion to Dismiss (Dkt.

No. 28)).

        ***Second***, as to natural flavors, Plaintiff's allegations are even more conclusory. Her sole

allegation cites the definition of natural flavor in FDA regulations (21 C.F.R. § 101.22(a)(3)) as

flavoring "derived from spices, fruits or vegetables, edible yeast, or plant material." (Compl. ¶

11.) She then draws the unsupported conclusion that this FDA definition means that the natural

flavors in the Polaner® product cannot be "reasonably described as fruit" (despite "fruits" being

listed in the definition she cites) (*Id.* ¶ 11.) This allegation makes no sense but, in any event,

amounts to nothing more than a "mere conclusory statement" that must be disregarded.

*Mondelez*, 287 F. Supp. 3d at 182-83; *see also Morrison*, 2019 WL 95477 at *1.  Plaintiff has

failed to allege any facts to support her bare assertion that natural flavors derived from fruit

would somehow render the product not made from fruit. Nor has she sufficiently alleged that she

would be misled by the presence of natural fruit flavor. *Id.*; *TransUnion LLC v. Ramirez*, 141 S.

6

Ct. 2190, 2203 (2021).

Accordingly, the Court should dismiss the claims without leave to amend.

## II.    PLAINTIFF'S ANCILLARY CLAIMS SEPARATELY FAIL FOR ADDITIONAL REASONS

Plaintiff's secondary causes of action, which rely on her primary GBL claims, all fail because Plaintiff has failed to plead any material misrepresentation as discussed above. But each of these ancillary claims are also individually flawed: her breach of warranty claims fail because she does not allege the existence of any warranty on which she relied or that she provided notice, as required; and her unjust enrichment claim is entirely duplicative. This provides yet another ground on which the Court should dismiss these claims.

### A.    Plaintiff's Warranty Claims Fail on Many Grounds

Plaintiff alleges three breach of warranty claims: an express warranty, implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Act ("MMWA"). Plaintiff's warranty claims all fail because 1) Plaintiff never provided the requisite notice of the alleged breach of warranty and Plaintiff is not in privity with B&G Foods, 2) no statement on the label creates an express warranty, 3) Plaintiff fails to allege that B&G Foods's product is not merchantable, and 4) the MMWA is inapplicable here.

#### 1.    Plaintiff Has Not Alleged Timely Notice of Warranty

As a threshold matter, Plaintiff failed to allege adequate notice of her warranty claims as required under New York law. *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295 at *12 (citing N.Y. U.C.C. Law § 2–607(3)(a)) ("Under New York law, a buyer must provide the seller with timely notice of an alleged breach of warranty."). Here, the complaint merely alleges that she "recently became aware of Defendant's breach" (Compl. ¶ 58) and "provided or provides notice to Defendant[.]" (*Id.* ¶ 59.) Given Plaintiff's apparent confusion about whether she already

provided notice or believes that her Complaint is notice, she fails to allege any details of the alleged notice, such as when B&G Foods purportedly received this notice. This is insufficient and the breach of warranty claims must fail. *See Singleton*, 2016 WL 406295 at *12; *see also Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 262 (E.D.N.Y. 2014).

Plaintiff also fails to sufficiently allege privity, which is required to state a claim for breach of implied warranty. *Arthur Jaffee Assocs. v. Bilsco Auto Serv. Inc.*, 58 N.Y. 2d 993, 995 (1983); *Castillo v. Tyson*, 268 A.D. 2d 336, 425 (N.Y. App. Div. 1st Dept. 2000) ("there can be no breach of warranty claim absent privity of contract between plaintiffs and defendants"). Here, Plaintiff makes no allegation that she purchased the preserves from B&G Foods.

**2.    Plaintiff Has Not Alleged Any Statement on the Label that Creates an Express Warranty**

As this Court has explained, under New York law, an express warranty must be premised on an "affirmation of fact" or express "promise" upon which the buyer relies. *In re Scotts EZ Seed Litig.*, No. 12 CV 4727(VB), 2013 WL 2303727 at *6 (S.D.N.Y. May 22, 2013) (citing N.Y. U.C.C. Law § 2-313(a)); *see also Teixera v. St. Judge S.C., Inc.*, 193 F. Supp. 3d 218, 224 (W.D.N.Y. 2016).

Here, Plaintiff does not identify any affirmation of fact or express promise on the Polaner® All Fruit® label. A plaintiff cannot plead a warranty claim by contorting a label's statements into a fact or promise that the defendants did not state or provide. *See Baker v. Robert I. Lappin Charitable Found.*, 415 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2006) (taking statements out of context could not turn them into an express warranty). Similarly, Plaintiff has not identified any warranty on which she relied about the source of citric acid and natural flavors in the product.

3.       **Plaintiff Does Not Plausibly Allege That the Product is Not Merchantable**

Plaintiff's claim for breach of implied warranty of merchantability must also be dismissed because Plaintiff does not plausibly allege that Polaner® All Fruit® is not of merchantable quality. She merely recites the elements of a cause of action, but a breach of the implied warranty of merchantability occurs only when a product is not "fit for the ordinary purposes for which such goods are used." *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 399 F. App'x 637, 640 (2d Cir. 2010) (quoting N.Y. U.C.C. § 2-314(2)(c)). Food and beverage products need only be "fit[] for human use or consumption" to be of "'merchantable' quality." *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *25 (E.D.N.Y. July 21, 2010) (dismissing New York breach of implied warranty of merchantability claim for failure to establish beverage product did not meet "a minimum level of quality"). Here, Plaintiff's threadbare recital falls short of alleging that Polaner® All Fruit® was not fit for human consumption, contaminated in some way, or otherwise inedible. Thus, her breach of implied warranty claim must fail.

4.       **MMWA Does Not Apply Because Plaintiff Has Not Plausibly Alleged Any "Written Affirmations" or "Promises"**

Finally, Plaintiff's MMWA claim also should be dismissed. Plaintiff's allegations do not identify any statement constituting a warranty. The name All Fruit® on the product does not constitute a MMWA warranty. The MMWA defines a written warranty as a "written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. § 2301(6)(A). No such "written affirmation" or "promise" exists. Because Plaintiff does not identify statements on the label that warranty a

product free from defect, nor does it constitute a promise the product will meet a specified level of performance, Plaintiff's MMWA claim fails. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (dismissing MMWA claims based only on the label "All Natural").

### B.    Plaintiff's Unjust Enrichment Claim Should be Dismissed as Duplicative

Plaintiff's claim for unjust enrichment fails because it is wholly duplicative of her other claims. Under New York law, an unjust enrichment claim is available "*only* in unusual situations." *Paulino v. Conopco, Inc.*, No. 14-CV-5145 (JG) (RML), 2015 WL 4895234 at *3 (E.D.N.Y. Aug. 17, 2015) (citation omitted). "It is not a 'catchall cause of action to be used when others fail.'" *Id.* (citation omitted). That is precisely what Plaintiff attempts to do here. In a single throwaway sentence, Plaintiff alleges only that "Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." (Compl. ¶ 64.) Where, as here, an unjust enrichment claim is based on the same allegations as other claims, the claim should be dismissed as duplicative. *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (quoting *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790-91 (2012)) ("[A]n unjust enrichment claim cannot survive 'where it simply duplicates, or replaces, a conventional contract or tort claim.'"); *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794 at *18 (E.D.N.Y. Sept. 26, 2016) (dismissing claim as duplicative where unjust enrichment claims are "based on the same allegations as her claims of violations of GBL sections 349 and 350").

## III.   LEAVE TO AMEND SHOULD BE DENIED

When "a plaintiff inadequately pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to amend is futile and should be denied." *Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 294 & 298 (S.D.N.Y. 2015) (dismissing claims for unjust enrichment and injunctive relief with prejudice finding amendment would be futile). "Amendment is futile if an amended complaint would fail to state a claim on which relief could be granted." *In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 167 F. Supp. 3d 524, 539 (S.D.N.Y. 2016). Here, the Court should deny leave to amend because Plaintiff cannot sufficiently allege any misrepresentations, and her theory of injury cannot give rise to an Article III injury in fact.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed with prejudice.


Dated: March 20, 2023                              Respectfully submitted,


                                                  /s/ *Kirsten Jackson*
                                                 Kirsten Jackson
                                                 **BRAUNHAGEY & BORDEN LLP**
                                                 118 W 22nd Street, 12th Floor
                                                 New York, New York 10011
                                                 Tel.  (646) 829-9403
                                                 Email: dooley@braunhagey.com

                                                 Tracy O. Zinsou (*admission pending*)
                                                 **BRAUNHAGEY & BORDEN LLP**
                                                 351 California Street, 10th Floor
                                                 San Francisco, CA 94104
                                                 Tel.  (415) 599-0210
                                                 Email: zinsou@braunhagey.com

                                                 *Attorneys for Defendant*
                                                 *B&G Foods, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Kirsten Jackson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 20, 2023.

 */s/ Kirsten Jackson*
Kirsten Jackson
